**ORIGINAL**

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov

FILED
MAR - 2 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WHITE PINES LIMITED PARTNERSHIP I,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. **06-10857**<br>)<br>)<br>)<br>) BERNARD A. FRIEDMAN<br>) |

8:06cv273

### CONSENT ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for White Pines Limited Partnership I ("White Pines" or "Defendant"). The Court, being fully advised in the merits, and having been

RECEIVED

MAR 16 2006

informed that White Pines has consented to the relief requested in the motion, hereby:

**ORDERS, ADJUDGES AND DECREES THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of White Pines Limited Partnership I ("White Pines" or "Defendant"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of White Pines to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of White Pines's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of White Pines under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of White Pines are hereby dismissed. Such persons shall have no authority with respect to White Pines's operations or assets, except as may hereafter be expressly granted by the Receiver. The Parties acknowledge that the individual managers of Woodlot Management, LLC, the management company of White Pines, have offered to continue as compensated consultants to White Pines to the extent and on such terms as the Receiver may accept. The Receiver shall assume and control the operation of White Pines and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of White Pines, as well as all those acting in their place, are

hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal, upon receipt of instructions by the Receiver regarding the time and place of such production. White Pines shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of White Pines as well as the names, addresses and amounts of claims of all known creditors of White Pines. All persons having control, custody or possession of any assets or property of White Pines, including White Pines's general partner and management company, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of White Pines. All persons and entities owing any obligations or debts to White Pines shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if White Pines had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of White Pines, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys and accountants; and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses

incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. White Pines's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the Defendant's portfolio of small business concerns, and banks or other financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to White Pines. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of White Pines or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to White Pines, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving White Pines or any assets of White Pines, involving White Pines or its present or past officers, directors, managers, or general partners or the

Receiver, which parties have sued or have been sued for sued for, or in connection with, any action taken by White Pines's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of White Pines, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding and the separate receivership action filed in this Court styled *United States v. Pacific Capital, LP*, involving White Pines or any of its assets or any action of any nature taken by White Pines's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. White Pines and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith shall be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of White Pines to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Secs. 661, et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. Secs. 107.1, et seq.

10. The Receiver is authorized to borrow on behalf of White Pines, from the SBA, up

to $1,000,000, and is authorized to cause White Pines to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of White Pines, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders in White Pines.

11. This Court determines and adjudicates that White Pines has violated the capital impairment provisions of the SBIA and of the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that White Pines's license as an SBIC be revoked.

12. The United States Small Business Administration is further entitled to a judgment against White Pines in the total sum of $8,058,603.32, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006, with a per diem rate of $1,217.97 up to the date of entry of this Order, plus post judgment interest

pursuant to 28 U.S.C. § 1961 thereafter.

**AGREED AND ACKNOWLEDGED:**

**WHITE PINES LIMITED PARTNERSHIP I**
by Woodlot I GP, L.L.C.,
  its general partner

By: _____

Its ___Chairman___

on this __16th__ day of February, 2006.

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris, Director
Office of Liquidation

on this __17th__ day of February, 2006.

**MAR - 2 2006**

SO ORDERED this _____ day of _____, 2006.

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE

\\\DC - 21955/0001 - 2262685 v2